Hare, Judge.
 

 By the act of 1794,
 
 (Jlev.
 
 ch. 414,) it is directed that ail sums,
 
 and how
 
 due, shall be-expressed in tiie warrants which shall issue for them. The warrant, which issued in the present case, would sustain a count for money due the Plaintiff, in the manner in which the Defendant admits he is his debtor. According to tiiis understanding of the warrant, the Defendant, in the County Court, pleaded a tender with a
 
 proferí,
 
 it follows that he has a right to give any tiling in evidence, which is consistent with this state of the pleadings, and that he is not deprived of this right by any gratuitous act of tiie Plaintiff. If by filing a declaration in the Superior Court consisting of this solitary count, the Plaintiff can deprive the Defendant of a defence, which he had already properly made, it should he considered as a mil lity. On tiiis ground alone, I think that tiie rule for a now trial should be made absolute. But if the question was upon the
 
 quantum meruit
 
 alone, 1 think the evidence should have been received, because the effect of a special, contract if proved, would be either to defeat tiie Plaintiff upon that count, or to fix the value of tiie work and labor, claimed under it. In both of which cases, tiie Plaintiff would bo entitled to the money brought' into Court, although he might be subjected to the payment of the costs. But on this part of the case I give no opinion.
 

 Per Curiam. — Judgment reversed.